IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AUSTIN HARVEY WOODS, III,

    Plaintiff,

v.                                                                 Civil Action No. 5:05CV165
                                                                                               (STAMP)
NATIONWIDE MUTUAL INSURANCE COMPANY
and JAMES TURNER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

I.   Introduction

    The plaintiff, Austin Harvey Woods, III, filed a complaint on September 15, 2005 in the Circuit Court of Ohio County, West Virginia against James Turner and Nationwide Insurance Company. The plaintiff requests compensation for the defendants' alleged bad faith and violations of West Virginia insurance settlement laws. In the complaint, the plaintiff requests compensation for attorney's fees, the loss of the use of $300,000.00, aggravation, and punitive damages. The defendants then filed a notice of removal to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1441. The defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiff filed a motion to remand asserting that the defendants did not satisfy the jurisdictional removal requirement because the defendants failed to

show that the required amount in controversy has been established. The defendants responded to the plaintiff's motion.

The plaintiff's motion to remand is now before this Court. After considering the parties' memoranda and the applicable law, this Court finds that the plaintiff's motion to remand should be denied.

## II. Applicable Law

This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum of value of $75,000.00, exclusive of interest and costs and between . . . citizens of different states." 28 U.S.C. § 1332(a). Where a federal district court's jurisdiction is founded upon § 1332, the action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

The party seeking to invoke the jurisdiction of this Court bears the burden of proving jurisdiction by a preponderance of the evidence. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997); Singer v. State Farm Mut. Auto Ins., 116 F.3d 373, 377 (9th Cir. 1997). To create diversity jurisdiction, the removing party must show that both the amount in controversy and diversity requirements are met. 28 U.S.C. § 1332; Chase, 110 F.3d at 427. Finally, the removing party must provide competent proof of jurisdiction, or the case should be remanded to the state court.

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Chase, 110 F.3d at 427.

### III. Discussion

The plaintiff argues in his motion to remand that the defendants have failed to prove that diversity jurisdiction exists. Specifically, the plaintiff argues that the amount in controversy requirement was not met. He contends that the defendants have only asserted that there is a sufficient amount for jurisdiction and have not provided adequate evidence to support their assertion.

In response, the defendants stated that the compensatory and punitive damages alleged exceed the $75,000.00 requirement. They utilized claims from the plaintiff's complaint to provide a basis for attorney's fees and compensatory damages for the loss of the use of $300,000.00. The defendants then argued that the plaintiff's bad faith claims may lead to punitive damages in addition to compensatory damages. Finally, the plaintiff claims intangible injuries such as aggravation, annoyance and inconvenience.

When a complaint is filed without an obvious amount in controversy, the court can look to evidence available at the time of removal to fill in the missing amount. Chase, 110 F.3d at 427. The court can also use its "common sense" to determine an amount for jurisdictional purposes. Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). In addition, the removing

party can use the plaintiff's causes of action to show that the amount in controversy is more likely than not in excess of $75,000.00. Id. While the plaintiff does not request a specific amount of damages, this Court, applying a "common sense" analysis, finds the amount in controversy exceeds the $75,000.00 minimum requirement.

The plaintiff requests attorney's fees as relief in his complaint, and if the plaintiff is successful, these fees, when added to other damages, more likely than not will exceed the minimum amount in controversy requirement. The plaintiff, as the defendants point out, claims the fees under two theories, both of which count towards satisfying the minimum amount in controversy. First, the plaintiff claims attorney's fees under the Unfair Trade Practices Act ("UTPA"), which allows a successful plaintiff to recoup increased expenses such as attorney's fees. Second, as the defendants point out, the plaintiff seeks to recover fees pursuant to Marshall v. Saseen, 450 S.E.2d 791 (1994). Under Marshall, an insurer is responsible for reasonable attorney's fees to a holder of underinsured motorist coverage who substantially prevails against the insurer. Id. at 797. Given the magnitude of the settlement and the presumption that reasonable attorney's fees are one-third of the policy limit ($100,000.00), it is more likely than not that the fees, coupled with other damages, will exceed

4

$75,000.00 amount in controversy. <u>Hayseeds v. State Farm Fire & Cas.</u>, 352 S.E.2d 73, 80 (W. Va. 1986).

In addition, the plaintiff requests compensation for the loss of the use of $300,000.00 over the protracted settlement period. This Court finds that the loss of use of $300,000.00 adds an additional $25,000.00 (assuming a ten percent/annum interest rate) to the calculus.

Further, if the plaintiff is able to show that Nationwide "actually knew that [the plaintiff's] claim was proper, but willfully, maliciously and intentionally denied the claim, he can receive punitive damages." <u>Hayseeds, Inc. v. State Farm Fire & Casualty</u>, 177 W. Va. 323, 331 (1986). The Supreme Court of the United States has held that punitive damages awards may exceed compensatory damages awards by "single-digit multipliers." <u>State Farm Mutual Auto Ins. Co. v. Campbell</u>, 538 U.S. 408, 425 (2003).

For these reasons, this Court is persuaded that the defendants have shown by a preponderance of the evidence that this civil action satisfies the jurisdictional amount in controversy. Given the fact that the plaintiff requests attorney's fees, as well as compensatory and punitive damages, this Court finds that the defendants have shown that the jurisdictional amount in controversy has been satisfied.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   June 16, 2006

>                         /s/ Frederick P. Stamp, Jr.
>                         FREDERICK P. STAMP, JR.
>                         UNITED STATES DISTRICT JUDGE